In the Matter of William Smith RED-FORD, Jr., Individually & d/b/a Redford's Fashion Shoes, Debtor.

GENESCO, INC., Plaintiff,

v.

William Smith REDFORD, Jr., Individually & d/b/a Redford's Fashion Shoes, Defendant.

Bankruptcy No. 79–01073.
Adv. No. 80–0009.

United States Bankruptcy Court,
M. D. Georgia,
Macon Division.

Sept. 12, 1980.

Kaplan & Hershner, Ward Stone, Jr., Macon, Ga., for plaintiff.

George E. Saliba, Macon, Ga., for defendant.

## STATEMENT OF THE CASE

HENRY D. EVANS, Bankruptcy Judge.

On November 16, 1979, William Smith Redford, Jr. filed his voluntary petition in bankruptcy both as an individual and as the sole proprietorship of Redford's Fashion Shoes. Within the time set by order of Court, Genesco, Inc., plaintiff herein, filed its complaint to determine the nondischargeability of debt and for judgment, alleging that the debt owed it by the defendant was nondischargeable pursuant to Section 523 of the Bankruptcy Code [11 U.S.C. § 523] in that it was based on credit obtained by the defendant pursuant to a materially false statement in writing concerning the debtor's financial condition, given by the defendant to the plaintiff with the intent to deceive and on which the plaintiff reasonably relied. Within the time prescribed by law, the defendant filed his answer denying the pertinent parts of the complaint. The matter came on regularly to be heard on the 29th day of February 1980, both parties present and represented by counsel.

From the transcript and documentary evidence before it, the Court makes the following:

## FINDINGS OF FACT

On May 8, 1979, in anticipation of obtaining credit from and doing business with the plaintiff, the defendant sent to the plaintiff a written statement entitled "Balance Sheet" showing the purported financial condition of himself d/b/a Redford's Fashion Shoes. The statement was either prepared by the defendant or at his direction. The statement showed total liabilities of $360.22 (with accounts payable of $166.22) and total assets of $25,511.48 (with owners equity of $25,151.26). The statement was taken by one Mr. Blumen, a representative of the plaintiff, and based on the information contained therein he authorized credit on the account of the defendant on June 15, 1979. On July 18, 1979, the first shipment of shoes was delivered from the plaintiff to the defendant on credit so established. The amount of the first shipment was $973.50.

Mr. Blumen left the employ of Genesco, Inc. on June 15, 1979 and from that time forward Mr. Hamilton Frost conducted much of the business with the defendant. At some undated time between June 15, 1979 and the end of July 1979, the defendant called Mr. Frost and informed him that the balance sheet previously sent to the plaintiff concerning the financial condition of the debtor was incorrect in certain particulars, including the failure to show a liability owed to the West Central Georgia Bank in Thomaston in the amount of $27,100.00.

In fact, the statement given ostensibly showing the debtor's condition as of March 31, 1979 failed to show the liability above as well as accounts payable in excess of $6,000.00. The defendant admits that he knew of the liabilities discussed above when he sent the statement to the plaintiff.

Mr. Frost, upon being informed of the fact that there might be errors in the original statement given, sent a form statement requiring rather substantial information concerning the debtor's financial condition to Mr. Redford for completion and return. It is clear from the testimony of Mr. Frost that he had such conversation and understood that correct information would be forthcoming from the defendant as a result thereof.

Although no subsequent checks were made on the financial condition of the debtor, and although Mr. Redford never presented any other statement to the plaintiff concerning his financial condition, the plaintiff continued to ship shoes to the defendant, ultimately placing inventory worth in excess of $5,000.00 in the possession of the defendant.

## CONCLUSIONS OF LAW

The pertinent provision of the law is 11 U.S.C. § 523(a)(2)(B):

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt . . .

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by . . .

(B) use of a statement in writing--
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive; . . ."

As to the amount of the plaintiff's claim represented by the first invoice, the plaintiff has carried its burden of establishing all the elements above by clear and convincing evidence. As to the amount resulting from subsequent shipments, the reasonableness of reliance on the initial statement has not been convincingly shown the Court and so does not fit within the statutory exception to discharge raised.

There is no question that the statement considered by the Court in writing and purportedly shows the financial condition of the debtor, and in a business the size of Redford's Fashion Shoes, misrepresenting liabilities in the neighborhood of $33,-000.00 is so substantial that there can be no question as to the materiality of the falsity.

Normally the showing of intent to deceive would present a problem to the Court but in the instance before the Court, where substantial amounts of money were owed by the defendant to various shoe manufacturers who were requiring cash payments before shipment, where it was understood that the shoes from the plaintiff were to be obtained on credit, where the financial condition of the defendant was already questionable and where the only explanation forthcoming is that the statement was made in "haste" due to the anxious anticipation of getting the plaintiff's product for merchandising, it is clear that the defendant gave the statement with the specific intent to deceive the plaintiff and to obtain the much needed shoes on credit. Even had specific intent been a question, the defendant's actions show the reckless disregard for the truth that has traditionally been accepted in lieu of a showing of specific intent. See 1A *Collier on Bankruptcy* ¶ 17.16, page 1635 (14th ed.).

To say that the business practices of Genesco concerning the advancing of credit to Mr. Redford were loose is to understate the matter. The person authorizing the credit could not even remember whether or not he had checked the only reference that was consistently utilized–Dunn and Bradstreet. No banks were called. No references were checked. No previous dealers were checked. Granted the potential credit line of the defendant may not have been large, but nonetheless the plaintiff did not actively try to protect itself. The question is, whether faced with the knowledge the plaintiff had, was reliance on the statement given reasonable. The answer is in the affirmative as to the first shipment of shoes which was probably made before contrary

information was supplied the plaintiff. At the time a statement of the nature of the one given would have presented a reasonable foundation for advancing credit.

The shipments made subsequent to the conversation between Mr. Frost and the defendant were not made in *reasonable* reliance on the first statement.

Mr. Frost protests that the conversation he had with Mr. Redford did not disclose any facts which would have precluded further reliance on the original statement. That testimony is contradicted by his repeated references to his expectations of a "corrected" financial statement. (T. 73, lines 5 and 6; T. 76, lines 22 and 23; T. 77, lines 4 and 5; T. 78, lines 13 and 14; T. 79, lines 2, 3, 4, 7, and 12). The fact that no actions were taken by the plaintiff to protect itself even after the falsity of the statement was revealed, removes any reasonableness the initial reliance might have had.

Hence, the debt of the defendant owed to the plaintiff is dischargeable in part and nondischargeable in part.